CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 09 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| PATRICIA S. MITCHELL,<br>    Plaintiff,<br><br>v.<br><br>LINDA S. MCMAHON,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>    Defendant. | Civil Action No. 5:03cv004<br><br>By: Michael F. Urbanski<br>United States Magistrate Judge |

## REPORT AND RECOMMENDATION

Plaintiff Patricia S. Mitchell ("Mitchell") brought this action pursuant to 42 U.S.C. § 405(g) for review of the Commissioner of Social Security's decision denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433 ("Act"). This case was referred to the undersigned Magistrate Judge on April 27, 2007, for report and recommendation. Following the filing of the administrative record and briefing, oral argument was held on June 18, 2007. As such, the case is now ripe for decision.

The undersigned finds that the administrative law judge ("ALJ") simply failed to consider the new evidence of additional exertional and non-exertional limitations on which this court's previous Sentence Six remand was based. Therefore, the undersigned cannot conclude the ALJ's ultimate disability determination is supported by substantial evidence. Accordingly, it is recommended that the ALJ's decision be reversed and remanded for reconsideration.

### I.

This matter has a long, and somewhat tortuous, procedural history. Mitchell filed an application for DIB on or about April 14, 1998, alleging complete disability with an alleged onset

date of February 25, 1995. (Administrative Record [hereinafter R.] at 97-99)  The claim was denied initially and on reconsideration. (R. 84-97)  On October 29, 1999, an ALJ vacated the reconsideration denial and remanded to the State Agency for reevaluation of Mitchell's mental disorder. (R. 233-34)  On March 6, 2000, the State Agency affirmed its prior decision that Mitchell was not entitled to benefits, (R. 243-44), and another administrative hearing was held on March 13, 2002. (R. 37-80)

On June 11, 2002, an ALJ [hereinafter Second ALJ] issued a written decision denying Mitchell's claim for benefits. The Second ALJ found that although Mitchell had not engaged in substantial gainful activity from the alleged date of disability onset, she has numerous severe impairments related to her back condition, and she suffers from depression and insomnia, her mental conditions are not severe and none of her conditions meet any listing criteria.  The Second ALJ then determined that Mitchell could not do any of her past relevant work, and, by utilizing the Medical-Vocational Guidelines ("Grids") as a framework for the decision and testimony of a vocational expert ("VE"), he determined that she could do some sedentary work and that a significant number of jobs existed in the national economy for a person with Mitchell's limitations. (R. 20-29)  The Appeals Council denied Mitchell's request for review, and she appealed this decision to the district court.

During the course of judicial review, new evidence, consisting of an October 2000 psychiatric examination report and an August 2003 occupational assessment, were produced. The court found this evidence was relevant and material under Borders v. Heckler, 777 F.2d 954 (4th Cir. 1985), and remanded the matter under Sentence Six of 42 U.S.C. § 405(g) on October 30, 2003.  In so doing, the court specifically noted that the existing record established that

Mitchell suffers a back condition likely to produce the severe pain she alleges, a non-exertional limitation, and the new evidence produced indicates Mitchell suffers from additional exertional and non-exertional conditions. Therefore, the new evidence was beyond a doubt relevant to the ultimate disability conclusion, and was the sole basis for the remand. (R. 456-60)

On remand, the Appeals Council vacated the Second ALJ's June 11, 2002 decision and remanded the matter to another ALJ [hereinafter Third ALJ] for further proceedings consistent with the court's order. (R. 461) Another administrative hearing was held on October 22, 2004, at which only the claimant and her husband testified. A vocational expert was present, but did not testify. The Third ALJ issued a written decision on March 25, 2005, denying Mitchell's claim. (R. 403-16, 419-55) The Third ALJ did not make any reference to the "new evidence" in his written decision, and instead focused the decision on his determination that Mitchell had in fact engaged in self-employment, which in his assessment amounted to substantial gainful activity, during part of the time in which she alleges to have been wholly disabled.[1] This finding was, of course, completely at odds with that of the Second ALJ who considered this claim and found that Mitchell had not engaged in substantial gainful activity.

Based on this finding, the Third ALJ found Mitchell wholly incredible. Likewise, he found Mitchell's treating physicians' determinations that she was substantially and severely hampered by her physical limitations entitled to no weight because those opinions were based on "an incomplete, [and] non-fully disclosed medical history." Specifically, the Third ALJ found

---

[1] The Third ALJ found that Mitchell had engaged in substantial gainful employment – working at her second hand consignment shop – from September 1996 through September 1997 and from February 1998 through November 1998 and, therefore, was not under a disability during those dates. (R. 407-08) However, the ALJ found the evidence established she had not engaged in substantial gainful employment before, between, or after these dates.

3

that because Mitchell had not explicitly told each of these physicians of her self-employment, whether contemporaneous to or after that employment, the physicians lacked a "full evidentiary basis upon which to render the opinion" and, thus, those opinions "cannot be credited in any way." (R. 411) The Third ALJ went on to blanketly disregard all documentation of other non-exertional limitations, such as the significant mental health problems indicated in the new evidence on which this court's Sentence Six remand was based and in the new evidence produced at the hearing, and he ultimately concluded Mitchell could do a broad range of sedentary work. (R. 409)

On March 31, 2006, the Commissioner moved to reinstate the case on the court's docket. The case was reinstated on April 3, 2006, and referred to the undersigned on April 27, 2007.

## II.

Mitchell argues that the Third ALJ exceeded the scope of the remand in revisiting the issue of whether Mitchell's previous work amounted to substantial gainful activity; that the Third ALJ improperly evaluated the medical record, Mitchell's treating physicians' opinions, and Mitchell's complaints of disabling pain in determining that she retained the residual functional capacity to do some amount of sedentary work; and that the Third ALJ erred in applying the Grids to determine that Mitchell could do some amount of sedentary work in light of her exertional and non-exertional limitations. Accordingly, he requests that the decision of the Commissioner be reversed. (Pl. Summ. J. 6-15)

Judicial review of a final decision regarding disability benefits under the Act is limited to determining whether the ALJ's findings "are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing 42

4

U.S.C. § 405(g)). Accordingly, here, the reviewing court may not substitute its judgment for that of the Third ALJ, but instead must defer to the Third ALJ's determinations if they are supported by substantial evidence. Id. Substantial evidence is such relevant evidence which, when considering the record as a whole, might be deemed adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971). If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays, 907 F.2d at 1456; Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

### III.

The Commissioner argues that the Third ALJ did not exceed the scope of the remand order and did not "relitigate" the issue of substantial gainful activity because the district court did not make any finding of fact on the merits of the case, but instead issued a Sentence Six remand on the basis of new evidence. She further argues that because the Appeals Council could not make a determination as to whether to award benefits based on the new evidence, the Commissioner properly reevaluated the entire case and issued a new decision addressing all issues determinative of an award of benefits.

Under Sentence Six, the district court may remand a case for reconsideration of new evidence without making a substantive determination as to the correctness of the Commissioner's ruling. 42 U.S.C. § 405(g). Here, although the district court remanded for reconsideration in light of new evidence, the remand implicitly assumed that the Second ALJ's determination that Mitchell was not engaged in substantial gainful employment was unchallenged. The Commissioner did not challenge the substantial gainful activity finding, and it was the Third ALJ who sua sponte decided to revisit that issue. In his decision, the Third ALJ noted that although
5
Case 5:03-cv-00004-SGW-mfu   Document 30   Filed 08/15/07   Page 5 of 10   Pageid#: 85

the Second ALJ who considered Mitchell's case determined that she had not been engaged in substantial gainful activity, when he reviewed the same evidence he found she had in fact engaged in substantial gainful activity by working at her secondhand consignment shop during parts of the claimed disability period. This reevaluation does not appear to be consistent with the remand order which directed the Commissioner to consider the new evidence as to additional non-exertional and exertional limitations which would further affect Mitchell's ability to work. However, the regulations provide that upon remand by a federal court, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case." 20 C.F.R. § 404.983. Therefore, it does not appear that the Third ALJ acted outside his authority under the regulations in conducting a de novo review of whether Mitchell was engaged in substantial gainful activity during part of the period in which she claims to have been wholly disabled.

Regardless, the undersigned finds this case should be remanded yet again because there is no evidence suggesting that on remand the Third ALJ in fact fully considered that information which he was expressly directed to consider – the new evidence of both exertional and non-exertional impairments which may further limit Mitchell's ability to do sedentary work. The new evidence, the West Virginia Worker's Compensation assessment, completed in August 2000 by a physician at the University of Virginia, and the August 2003 Tri-State Occupational Medicine evaluation, completed by a certified independent medical examiner and physician, indicates that Mitchell had significant exertional and non-exertional limitations, namely, ongoing physical limitations due to her back injury, severe chronic pain, depression, a GAF score of between 35-

40,[2] and severe disfigurement from burns resulting in further psychological limitations. (R. 526-58) Yet neither are mentioned in the Third ALJ's written opinion. Nor was the additional evidence produced at the hearing, Dr. Zuubchevich's October 2002 psychiatric evaluation, mentioned. This too is particularly suspect because Dr. Zuubchevich confirmed Mitchell suffered from significant exertional and non-exertional limitations and specifically found that Mitchell was "incapable" of adapting to social or occupational environments and she had a GAF score of 40. (R. 549-59)

The only hint in the written decision indicating that the Third ALJ considered at all the new evidence is his general notation that Mitchell suffers numerous severe physical ailments and that she also makes general claims of anxiety and depression. However, notably absent from the decision is any analysis or comparison of the three above noted opinions to other evidence in the record. The most conspicuous absence of analysis relates to the Third ALJ's failure to consider any of the additional non-exertional limitations indicated in the new evidence – namely that two different medical doctors have determined that Mitchell suffers from severe emotional limitations due to chronic pain and that she has marked limitations in multiple areas of mental residual functional capacity, including all areas concerning understanding and memory, the ability to carry out detailed instructions, the ability to maintain attention and concentration, the

---

[2] The GAF scale ranges from zero to 100 and "[c]onsider[s] psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders Fourth Edition, ("DSM-IV"), 32 (American Psychiatric Association 1994). A GAF of 31-40 indicates "[s]ome impairment in reality testing or communication . . . OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood. . . ." DSM-IV at 32.

7

ability to perform activities within a schedule and to maintain attendance, the ability to complete a normal work week, the ability to accept instruction, the ability to respond appropriately to work situations, and the ability to set realistic goals or make plans.

Further, although the Third ALJ fails to do any analysis as to any mental functional limitations or address specific information in the record pertaining to mental functional limitations, he ultimately concludes that Mitchell only has moderate ability to concentrate on work tasks and maintain attention and pace. (R. 415) The undersigned can find no basis in the written decision for this conclusion nor as to why the Third ALJ chose to ignore the evidence of other mental limitations detailed in the new evidence. Rather, the Third ALJ states only that the evidence of mental disability appears not to be an "attempt for medical diagnosis and treatment but [is instead done only] to seek a medical report to establish the existence of a mental impairment." (R. 409) Regardless as to the Third ALJ's impression as to why a medical assessment was done, he has duty under the regulations to fully analyze all the information contained therein. Furthermore, if the Third ALJ had doubts as to the reliability of an assessment he has the authority and the duty to develop the record on such issue. Plainly, the Third ALJ failed to do either. See Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986) (stating "the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record"); see also Boston v. Barnhart, 332 F.Supp. 879, 890 (D.Md. 2004) (holding that the ALJ's conclusory decision on disability which did not fully explain and resolve conflicts in the evidence and which provided no credible support for her ultimate conclusion cannot be said to be supported by substantial evidence).

Despite the Third ALJ's authority to reconsider any issue of disability on remand, he should give full and thorough consideration to the new evidence on which the remand was based. See Adkins v. Barnhart, 352 F.Supp.2d 505, 507 (W.D. Va. 2005) (stating a lower court shall implement the letter and spirit of a higher court's order and take into consideration the higher court's opinion and the circumstances it embraces) (citing United States v. Bell, 5 F.3d 54, 66-67 (4th Cir. 1993)). There is no evidence in the written decision that the Third ALJ did give such consideration to the new evidence adduced in this case. Furthermore, the lack of any discussion on obviously probative information concerning additional non-exertional limitations makes it impossible for the court to determine whether the Third ALJ's decision is supported by substantial evidence. See Arnold v. Sec'y of Health, Educ. and Welfare, 657 F.2d 258, 259 (4th Cir. 1977) (stating the court cannot find that an ALJ has reached a rational decision supported by substantial evidence when the ALJ failed to analyze all the evidence and fully explain the weight given to obviously probative exhibits). Similarly, because there is no evidence that the Third ALJ fully considered the new evidence pertaining to additional non-exertional limitations and as the Third ALJ failed to procure new testimony from a VE regarding the affect of further non-exertional limitations on available jobs, the Third ALJ's apparent reliance on the VE's testimony adduced at the second administrative hearing, which did not address those limitations, and his apparent heavy consideration of the Grids in making his ultimate conclusion also are not supported by substantial evidence. See Campbell v. Apfel, No. 97-2128, 1998 WL 911740, at *3 (4th Cir. 1998) (stating that the Grids can only be used as a framework where there are non-exertional limitations and "[b]ecause non-exertional impairments vary, the differing degrees of losses and their effects on the occupational base can best be analyzed by a vocational expert.").

9

## IV.

Because the Third ALJ failed to fully analyze and consider the new evidence on which the remand was based, the undersigned finds the ultimate disability conclusion is not supported by substantial evidence. Accordingly, it is recommended that defendant's motion for summary judgment be denied, the decision of the Commissioner be reversed, this case be remanded yet again under Sentence Four of 42 U.S.C. § 405(g) for appropriate evaluation of the new evidence of exertional and non-exertional limitations from 2000, 2002, and 2003.

The Clerk is directed to immediately transmit the record in this case to the Hon. Samuel G. Wilson, United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court hereby is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTER: This 9th day of August, 2007.

Michael F. Urbanski
United States Magistrate Judge

10